## CLARK VS. CROSLAND.

The latter clause of the 3d section of the act of Congress, approved 3d of March, 1847, amendatory of acts in relation to the Department of Indian Affairs, and to trade and intercourse with the Indians, is too broad and comprehensive, in its terms, to be restricted to contracts for spirituous liquors.

*Appeal from Crawford Circuit Court.*

Hon. FELIX I. BATSON, Circuit Judge.

FOWLER & STILLWELL, for the appellant.

WALKER & GREEN, for the appellees.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Solomon F. Clark brought an action of debt, by attachment, against Richard Crosland, in the Crawford Circuit Court, upon a writing obligatory, for $325, executed by Crosland to Clark, on the 6th of November, 1848, due one day after its date.

The defendant filed a special plea as follows: "*Actio. non,* because, he says that by the third section of the act of the Congress of the United States, approved the 3d of March, 1847, entitled 'An act to amend an act entitled an act, to provide for the better organization of the Department of Indian Affairs, and an act entitled an act to regulate trade and intercourse with the Indian Tribes, and to preserve peace on the frontier, approved the 30th of June, A. D. 1834, and for other purposes;' it is among other things enacted, and declared, that all executory contracts, made and entered into by any Indian, for the payment of money or goods, shall be deemed and held to be null and void, and of

no binding effect whatever: And the said defendant further avers that he, the said defendant, is a Cherokee Indian, and a native-born subject of the Cherokee Nation, west of the State of Arkansas: and that the said writing obligatory, in the said plaintiff's declaration mentioned, was executed in said Cherokee Nation; whereof, he, the said defendant, was a citizen and subject at the time of its execution: and this the said defendant is ready to verify"—wherefore, &c.

To this plea, the plaintiff interposed a general demurrer, which the court overruled; and he declining to respond further to the plea, final judgment was rendered for the defendant: and the plaintiff appealed to this court.

The sufficiency of the plea is the only question in the case.

The last clause of the 3d section of the act referred to in the plea, declares: "All executory contracts, made and entered into by any Indian, for the payment of money or goods, shall be deemed and held to be null and void, and of no binding effect whatsoever." 9 *vol. United States Statutes at Large, p.* 203.

It is insisted, by the counsel for the appellant, that this clause of the act, when construed in connection with its other provisions, must be held to apply only to contracts made by Indians to pay for spirituous liquors, &c., introduced into their country, and sold to them, contrary to the prohibitions of the act — this being the subject matter of the enactment.

We think the clause of the act in question, is too broad and comprehensive, in its terms, to admit of this restriction.

The first section of the act relates to the limits of the Indian Superintendencies, Agencies, &c. The second prescribes the penalty for introducing into the Indian country, and selling spirituous liquors, &c. The third section provides for the payment of annuities, &c., due from the United States to the Indians, to the heads of families, &c.; but forbids the distribution of moneys, goods, &c., to them while intoxicated; and then follows the clause above copied.

Had it been the design of Congress to restrict the application

of this clause of the act to contracts made upon the sale of spirituous liquors, &c., the presumption is, that this design would have been manifested in the language employed.

The Indians upon our western frontier, since their removal from their former homes, east of the Mississippi, have been, to some extent, under the parental guardianship and protection of the Government of the United States: have been receiving annuities under treaty stipulations, &c.: and being of an inferior race, many of them ignorant, and easily imposed upon, Congress deemed it expedient, no doubt, to pass the clause of the act in question to guard them against imposition, &c.

The plea appearing to be good in substance, and no other objection being taken to it here, than the one above stated, the judgment of the court below must be affirmed.