RICHARD E. STANTON *vs.* GEORGE W. LEWIS.

A provision, in an agreement for the dissolution of a partnership, authorizing one of the partners alone " to sell and dispose of the property and assets of the copartnership, and to settle all its concerns, collect all bills, notes or book debts due the concern, and for that purpose, or for any other purpose legally connected therewith, to use the copartnership name," confers upon such partner authority to assign to a third party a book-account due to the concern.
The insolvent act of 1853 seems to transfer to the trustee a legal title to all choses in action owned by the insolvent debtor at the time of his assignment, —whether such choses in action would be, under other statutes, negotiable or

not, and whether they stand in the name of such debtor or of any other person.

Where A owed a book-debt to B, who afterwards assigned it to C, and C, being thus the equitable owner thereof, afterwards made a general assignment of all his property to D, under the insolvent act of 1853, and D subsequently brought an action in his own name, as trustee, against A, to recover the debt, the declaration in which action specially alleged all the material facts whereby D had acquired his title to the debt, but contained also the allegations usually contained in a declaration of book-debt, as if A had been directly indebted to D, as trustee, by book to balance book accounts,—it was held that the action was not necessarily to be characterized as an action of book-debt, but rather as an action upon the statute; and that D was authorized, under the 16th section of the insolvent act, to institute the action in his own name against A.

In this suit the defendant was summoned to answer unto Richard E. Stanton, as trustee of the estate of Elias Sturdevant an assigning and insolvent debtor, under the provisions of the insolvent act of 1853, and the cause of action was stated as follows :—" in a plea that to the plaintiff, as trustee, as aforesaid, the defendant render the sum of forty dollars, which to the plaintiff, as said trustee, he, the defendant, justly owes, (by book, to balance book accounts, as by the book of the plaintiff, as said trustee, ready in court to be produced, fully appears,) which debt was originally due and owing from the defendant to the late firm of Moseman & Sturdevant, a copartnership by said name and style, late doing business in said Bridgeport, consisting of Charles W. Moseman, of Port Chester, in the state of New York, and Henry L. Sturdevant, of said Bridgeport, by book account for goods, wares and merchandize by said late firm, at divers times heretofore, to wit: between the 10th day of January, 1854, and the 24th day of June next following, sold and delivered to the defendant at his request; and which book account afterward, while the same was still due and unpaid, to wit, on the 2nd day of April, 1855, was legally transferred and assigned by said Moseman & Sturdevant, (by said Henry L. Sturdevant thereunto duly authorized,) to said Elias Sturdevant, with full and exclusive power and authority in him, the said Elias Sturdevant, to demand and collect the same; and which account, by his assignment to the plain-

tiff, as trustee aforesaid, to wit, on the 13th day of March, 1856, became, and has ever since been, the property of the plaintiff, as said trustee; and of which assignment of said debt, by said late firm to said Elias Sturdevant, the defendant afterwards and before payment thereof, to wit, on said 2nd day of April, 1855, had due notice, and also of said subsequent assignment by said Elias Sturdevant to the plaintiff, as said trustee; yet the defendant has never paid said debt, either to said Moseman & Sturdevant prior to their assignment and notice thereof, to said Elias Sturdevant, subsequently thereto and prior to his said assignment thereof to the plaintiff as trustee as aforesaid, nor, since said last mentioned assignment, to the plaintiff, as trustee as aforesaid, though often requested and demanded; and the same is still due and unpaid, and belongs to the plaintiff as trustee as aforesaid;—which is to the damage of the plaintiff, as said trustee as aforesaid, the sum of fifty dollars," &c.

The suit came to the superior court by appeal from a justice of the peace, and was tried before an auditor upon the general issue with notice.

Upon the trial the defendant denied that Henry L. Sturdevant ever had any authority to assign to Elias Sturdevant the debt to recover which the suit was brought; and there was no evidence before the auditor tending to show that Henry L. Sturdevant ever had such authority, except a certain writing executed by Henry L. Sturdevant and Charles W. Moseman, of the following tenor:—

"Dissolution.—The copartnership heretofore existing between the undersigned is hereby by our own mutual consent dissolved, and Henry L. Sturdevant is hereby alone authorized to sell and dispose of the property and assets of the copartnership, and to settle all its concerns, collect all bills, notes, or book-debts due the concern, and for that purpose he is hereby clothed with full powers, and is hereby solely authorized to use the copartnership name therefor, or for any other purpose legally connected therewith. Dated at Bridgeport, the 20th day of March, A. D. 1855. Charles W. Moseman. Henry L. Sturdevant."

To the admission of this writing for the purpose of proving such authority, the defendant objected; but the auditor admitted it, and found that the defendant was "indebted to the plaintiff on book, to balance book accounts in manner and form as in the plaintiff's declaration is alleged, in the sum of $38.28."

The defendant remonstrated against the acceptance of the report of the auditor on the ground that he ought not to have admitted in evidence the writing above set forth; but the court accepted the report, and rendered judgment for the plaintiff in accordance with the finding of the auditor.

The defendant thereupon filed his motion in error, assigning for errors, that the court held the writing in question to be admissible as evidence upon the point upon which it was offered;—that the court held that Henry L. Sturdevant had authority to assign the debt in the manner claimed, and that the assignment of the same to the said Elias Sturdevant was a valid one;—and that the court held that the debt was recoverable in the form of action in which the suit was brought, viz: book-debt.

*Beardsley* and *Ives*, for the plaintiff in error.

1. The instrument of dissolution conferred no authority on Henry L. Sturdevant to sell the book-debts due to the copartnership. 1st. The intention of the parties must govern. 1 Sw. Dig., 221. 2nd. The construction must be such as to give effect to the whole instrument. Chitty on Con., 84. 1 Sw. Dig., 223. 3d. An authority to collect, confers no authority to assign. Chitty on Con., 261. *Napier* v. *Mc-Leod*, 9 Wend., 120.

2. The action of book-debt will not lie in this case. *Beach* v. *Mills*, 5 Conn., 493. *Terrill* v. *Beecher*, 9 id., 344.

*Loomis* and *Warner*, for the defendant in error.

1. The instrument of dissolution gave Henry L. Sturdevant authority to assign the debt; and the assignment thereof by him was valid. 1st. Under the general authority expressed in the first part of the instrument, "to sell and dis-

pose of the property and assets of the co-partnership," was comprehended authority to sell and assign the book-debts due the concern.  2nd.  The subsequent clause, giving authority " to collect all bills, notes or book-debts due the concern," is not to be construed to limit or except from the authority " to sell, &c." before given, unless, by a clear and irresistible inference from the whole instrument, such appears to have been the intent of the parties.  Chitty on Con., 87, 88.  3d.  The manifest intention of the parties by said clause, was to enlarge or make more certain, rather than to restrict, the general authority before given, by authorizing said Henry L. Sturdevant to sell or collect the book-debts, &c., due the concern, as should be found more advantageous or necessary.  This construction alone is consistent with the general tenor of the instrument in view of the situation of the parties, the subject matter, and the object intended to be effected.  1 Sw. Dig., 222, 3, 4.  4th.  In case of any doubt as to the meaning and construction of the instrument, it should operate in favor of a *bona fide* purchaser under the same.  Chitty on Con., 95, & note.  *Evans* v. *Saunders*, 8 Port., 497.

2.  The debt is recoverable in the form of action in which this suit is brought.  1st.  Viewed as an action of book-debt, this suit is sustainable in its present form under the provisions of the insolvent act of 1853.  Stat. (Comp. of 1854,) 521, § 16.  The objection of a want of privity between the parties in reference to the debt in question, as well as the other objections to this form of action, is taken away by the statute.  2nd.  But viewed rather as an action on the statute, the action is clearly sustainable.  The declaration contains every substantial allegation essential to the plaintiff's right of recovery.  It shows a "title,"—a cause of action in the plaintiff.  Gould Pl., ch. 4, §§ 7, 8.  It is sufficient to support the declaration in this stage of the case, that it omits no particular fact or circumstance which is not implied in, or inferable from, the finding of those facts which are expressly alleged.  1 Sw. Dig., 777.  Gould Pl., ch. 10, §§ 12, 13, 19.

HINMAN, J.   The debt which was recovered in this action was originally due to Moseman & Sturdevant.   On the dissolution of that firm the co-partners authorized Henry L. Sturdevant, who was one of the members of the firm, to sell and dispose of the property and assets of the copartnership, and to settle all its concerns, collect all bills, notes or book-debts due the concern, and for that purpose, or any purpose legally connected therewith, to use the copartnership name.   It was by virtue of this power that Henry L. Sturdevant sold and assigned the debt to Elias Sturdevant the insolvent; and the first question is, whether this power authorized such a sale.   We think it did.   The words of the instrument are very general.   He is authorized to sell and dispose of the property and assets of the copartnership. When we speak of the property and assets of a copartnership, or of an estate, the choses in action are always included, and such is the legal signification of the words, " property " and " assets."   Property of course must include every thing that is the subject of ownership ; and the word " assets," though more generally used to denote every thing which comes to the representatives of a deceased person, yet is by no means confined to that use, but has come to signify every thing which can be made available for the payment of debts, whether belonging to the estate of a deceased person or not. Hence we speak of the assets of a bank or other monied corporation, the assets of an insolvent debtor, and the assets of an individual or private copartnership ; and we always use this word when we speak of the means which a party has, as compared with his liabilities or debts.

But it is said that upon the face of the power under which this sale and assignment was made, the words were used to denote personal chattels, as distinguished from choses in action, because the same instrument contains a power " to collect all bills, notes or book-debts due the concern."   No doubt the intention of the parties must be collected from the whole instrument.   But there is nothing repugnant or unusual in an agent's having authority to sell, and also to collect, a chose in action ; and when it is considered that this agent

was equally interested with his former copartner in all the property, and that it was an object to convert it into money for the purposes of distribution, or for the payment of debts, we do not think there was any thing extraordinary in having these powers conferred upon him. It appears to us, therefore, that there is nothing which can defeat the plain intention of the parties, as it is expressed in this instrument, to confer the power to sell and assign, as well as the power to collect, the choses in action belonging to this firm.

The other question in the case is, whether the plaintiff has adopted the proper form of action in this instance. As this was originally a book-debt, in favor of Moseman & Sturdevant, which was only assignable in equity, no doubt their assignee, Elias Sturdevant, if he had before his failure put the claim in suit, must have sued it in the name of the original creditors. But the statute in relation to the settlement of insolvent estates, assigned for the benefit of creditors, seems to transfer to the trustee a legal title to all choses in action, whether negotiable or not under other statutes, and whether they stand in the name of such debtor or of any other person. It expressly provides that " the trustee of any estate in settlement under the provisions of this act, may bring any suit or suits that may be necessary in the settlement of said estate, upon any contract, book account, or claim of any kind belonging to said estate, and accruing to him in his right as trustee, in his own name as such trustee, whether such contract, book account, or claim stand in the name of such debtor or of any other person." Stat. (Ed., 1854,) p. 521, § 16. This statute certainly authorizes the suit to be brought in the name of the trustee. Indeed, this does not appear to be controverted, but it is insisted that this is an action of book-debt, and that book-debt will not lie, although the original claim was a book-debt. It is true that the debt is described in the declaration as due to the plaintiff as trustee by book, and profert is made of the plaintiff's book as such trustee ; but then the facts are all set out in the declaration. It is averred that the debt was originally due from the defendant to Moseman & Sturdevant; the

persons who composed that firm are particularly described; the manner in which the debt accrued to the firm is stated; also the transfer and assignment of the debt by that firm to Elias Sturdevant, the assignment by Elias Sturdevant to the plaintiff, and notice of both these assignments to the defendant, before any payment of the debt by him; also the non-payment of the debt either to the plaintiff or to any of the previous parties at the times when they respectively held the claim. Here are all the facts stated which go to make out the plaintiff's claim; and although it was unnecessary to make profert of the book which the plaintiff had, as trustee, yet we do not consider that this circumstance alone is sufficient to characterize the action as an action of book-debt. We look upon it rather as an action upon the statute, and as such it certainly contains every allegation essential to the plaintiff's right of recovery; and in this aspect the profert of the plaintiff's book may be rejected as surplusage. The book is stated to be the book of the plaintiff, as such trustee, and whether this is understood to refer to the original book of the partnership or to the plaintiff's private trustee book, there is nothing in the reference which is inconsistent with the other facts stated out of which the plaintiff's claim arises, so as to constitute a misdescription of the cause of action. Upon the whole case, therefore, we think there is no error in the judgment complained of.

In this opinion the other judges concurred.

Judgment affirmed.