ROGERS' EX'RS VS. DUVAL, AD.

The acts of Congress to protect Indians from the payment of money on executory contracts (Acts of 3d March, 1847, and 30th June, 1834,) do not relieve white men from the discharge of their obligations to Indians.

A plea, to an action by an administrator, setting up facts showing that letters of administration ought not to have been granted, but not denying the issuance of letters to the plaintiff, held bad on demurrer.

*Error to Sebastian Circuit Court.*

Hon. J. M. WILSON, Circuit Judge.

VANDEVER, for the plaintiffs.

It is contended, on the part of the plaintiff in error, that the act of Congress, providing " *that all executory contracts, made*

*and entered into by any Indian, for the payment of money or goods, shall be deemed and held to be null and void, and of no binding effect whatever,"* has no limitation, but is general in its character; that it applies to all contracts made with an Indian, and that the contract, when made with an Indian by a white man, may be taken advantage of by either, when sued on in this State, and will be declared to be a nullity, according to the decision of *Clark vs. Crosland*, 17 *Ark. R.* 43.

Contracts in violation of a statute are utterly void. *Story on Con.* 740; *Hunt vs. Russell*, 17 *Mass.* 258.

The statute, *secs.* 1, 2, *chap.* 4, *Gould's Digest*, prescribes in what cases, and by whom, letters of administration shall be granted; and the second plea in this case effectually shows that the court granting the letters of administration had nothing under its jurisdiction to administer upon, and that David Barnett died in the Creek Nation, and not in the State of Arkansas. That administration granted in this State by the Probate Court of a county having no estate in the county of the deceased, and where he had no residence, and where he did not die, would be void, is too plain a proposition to admit of a difference of opinion among lawyers. See 9 *Mass. R.* 543; *Cutts, etc. vs. Haskins*; *Griffith vs. Frazier*, 8 *Cranch* 28; *Toller* (3d) 52, 120; *et seq.* 7, *Bac. Abr.* 65; *title Void, etc.*; *Welch vs. Nash*, 8 *East* 394; *Smith vs. Rice*, 11 *Mass. R.* 512; *Williams vs. Whiting*, 11 *Mass. R.* 432; *Holyoke vs. Thomas Haskens*, 5 *Pickering R.* 20; *Harvard College vs. Gore*, 5 *Pick. R.* 369; *Sigourney vs. Sibley*, 21*st Pick. R.* 101.

GARLAND & RANDOLPH, for the defendant

The positions of the defendant, in regard to the first plea, are these: 1st. That a white man who makes a contract to pay an Indian money or goods, cannot avoid it by reason of the act of Congress; 2d. That the statute was not intended to affect contracts made within the jurisdiction of the State of Arkansas; and 3d. That if it was so intended, it is unconstitutional, and therefore cannot affect them.

As to the second plea: This is not a plea of *ne unques ad-
ministrator*. It does not pretend to deny the defendant's appoint-
ment as administrator, but sets up facts going to show that the
Probate Court of Sebastian county had no authority to make
the appointment. The granting of letters of administration is
within the jurisdiction of the Probate Court (5 *Ark.* 385; 14
*Ark.* 298; *sec.* 2, *chap.* 48, *Gould's Dig.; sec.* 1, *chap.* 4, *ib.*), and
no enquiry can be made as to the correctness of the judgment
of the court in granting administration, in a collateral proceed-
ing like this. 19 *Ark.* 499.

Mr. Justice FAIRCHILD delivered the opinion of the court.

To an action brought by Duval, administrator of David Bar-
nett, Rogers pleaded that the bond sued on was given by him
to Barnett, who was a Creek Indian, and a resident in the
Creek Nation, and that the bond was null for being in opposi-
tion to acts of Congress, which protect Indians from the pay-
ment of money on executory contracts. The legislation of
Congress upon this subject, has been the subject of three cases
before this court. In *Clark vs. Crosland*, 17 *Ark.* 43, it was
held that a contract made by an Indian, in the Indian country,
to pay money at a future day, could not be enforced in the
courts of this State, because prohibited by act of Congress. In
*Hicks vs. Ewhartonah*, 21 *Ark.* 106, the law was held not to
defeat a contract for the payment of goods, made in Sebastian
county. And in *Taylor vs. Drew*, 21 *Ark.* 485, the plea of
exoneration by the statute was adjudged bad on demurrer,
because it did not allege that the note sued on was executed
in the Indian country. That case would have been decisive of
this, if the bond here sued on had been given by an Indian,
instead of to one, for the plea under consideration only avers
that Barnett resided in the Indian country when the bond was
executed, not that it was there made. But the act of Congress
could not, under any circumstances, release Rogers from the
payment of the money he bound himself to pay, as it was not

intended to relieve white men from the discharge of their obligations to Indians.

Rogers pleaded, secondly, that Duval was not the administrator of Barnett, because Barnett lived and died in the Creek Nation, and had nothing in Arkansas for administration. Notwithstanding the plea, Duval might have obtained letters of administration upon the goods and effects of Barnett, and if he had, they could not be questioned by plea in the Circuit Court. The facts alleged in the plea might have been good grounds for the refusal of letters of administration by the proper authority; perhaps, upon such facts, the Probate Court that may have granted letters would revoke them, but the plea is no answer to the declaration in its averment of the issuance of letters of administration.

Both pleas were bad; and the court in deciding them to be bad on demurrer is sustained.