Rice *v*. Metropolitan Life Insurance Company
of New York.

Opinion delivered March 20, 1922.

1. Appeal and error—conclusiveness of court's findings.—The findings of fact of a circuit court sitting as a jury will not be disturbed where there is substantial evidence to sustain them.

2. Evidence—judicial notice of laws of other states.—The courts of this State take judicial knowledge of the laws of another State.

3. Judgments—courts of other states.—The orders and judgments of the county court exercising probate jurisdiction in Oklahoma are entitled to the same presumption and the same immunity from collateral attack as are accorded to other courts of general jurisdiction.

4. Executors and administrators—appointment—collateral attack.—The appointment of an administrator in Oklahoma being conclusively valid on collateral attack in that State, it is equally conclusive in this State under the full faith and credit clause of the Constitution of the United States and of the statutes thereunder.

5. Executors and administrators—appointment—collateral attack.—Where an administrator settles a claim due the estate, his authority to do so cannot be attacked when set up as a defense to an action brought by the administrator in another State wherein the decedent resided, as such an attack would be a collateral attack on the order of the court appointing the administrator who made the settlement.

6. Executors and administrators—powers of foreign administrator.—An insurance company was authorized to settle a policy with an administrator of the insured in a foreign State who had possession of the policy, though insured was a resident of this State at his death and administration on his estate was had in this State.

7. EXECUTORS AND ADMINISTRATORS—JURISDICTION TO APPOINT.—It was not a prerequisite to the appointment of an administrator in another State that there should be debts against the estate; it being sufficient if there was an estate therein, such as a policy of life insurance.

Appeal from Scott Circuit Court, *John Brizzolara,* Judge; affirmed.

*Bates & Duncan* and *Daniel Hon,* for appellant.

1. Upon the death of his wife, appellant, the person first entitled to letters of administration, was duly appointed as administrator of her estate by the probate court of Scott County. C. & M. Digest, § 8. The succession to, and distribution of, her estate, is governed by the laws of this State. A payment to appellant of the amount due on the policy would have been valid. 98 Am. St. Rep. (N. Y.) 689. Since Oklahoma has no statute for recognition of administrators outside its boundaries, as does this State, appellant could not maintain an action in that State for the money paid on the policy to the administrator appointed there. 18 Am. & Eng. Enc. of L. 945; 16 Ark. 267; 40 *Id.* 195; 54 *Id.* 61.

2. Edwards knew when he made application for letters that the estate was in process of administration in Arkansas where it rightfully belonged. He knew, or should have known, that there were no debts due from the estate in Oklahoma, and knew that the sole heir to the estate was in, and a resident of, Arkansas, and that there was no necessity for administration in Oklahoma. These facts were known to appellee before, and at the time of, the payment to Edwards. There is no merit in appellee's contention that this suit is a collateral attack on the grant of the Oklahoma letters. See 131 Fed. 175; 2 Am. St. Rep. (R. L) 894; 85 Am. Dec. (Cal.) 58; 93 Am. St. Rep. (Kans.) 279. As to ancillary administration see 35 Am. Dec. 483,notes.

Insurance policies, the same as promissory notes and bonds, establish a contractual obligation to pay money at a cerain time. They are therefore assets at the

domicile of the debtor, and only by a fiction of law is it held to be an asset in the State where the corporation is authorized to do business. 232 S. W. (Ark.) 19; 115 Am. St. Rep. (Mo.) 427; 121 Am. St. Rep. (Ga.) 237.

*John H. Mosier, Earl Bohannon* and *De Thurston Mosier,* for appellee.

1. The judgment is sustained by the evidence. The findings of a trial court sitting as a jury will not be disturbed on appeal where there is any evidence reasonably tending to support the same. 45 Ark. 41.; 40 *Id.* 144.; 23 *Id.* 24; 56 *Id.* 589.

2. This is a collateral attack on the judgment of the Oklahoma county court appointing Edwards administrator of the estate of the decedent. Arkansas courts are required to take judicial knowledge of the laws of other States. Kirby's Digest, § 7823; C. & M. Digest, § 4110; 129 Ark. 384, 196 S. W. 465. For which reason the trial court took judicial knowledge of the Oklahoma statutes, particularly §§ 6190 and 6193 of the Revised Laws of 1910.

Construing § 6190, *supra,* it has been repeatedly held that the orders and judgments of the county court in probate matters are entitled to the same immunity from collateral atack as are accorded those of other courts of general jurisdiction. 76 Okla. 46, 184 Pac. 97; 193 Pac. 415; 171 *Id.* 730; *Id.* 725.

The appointment of an administrator by the probate court is not open to collateral attack in a suit against the administrator on the ground that the appointment was void for lack of assets within the State. 18 Cyc. 143; 11 R. C. L. 85, § 83; 1 L. R. A. (N. S.) 885; 77 Ala. 528; 160 Ia. 210, 137 N. W. 502; 73 Am. Dec. 355; 17 Cyc. 143. Under the full faith and credit clause of the Federal Constitution the county court appointment in this case must be given the same faith and credit in Arkansas as accorded by the courts in Oklahoma. 11 Ark. 156.

The judgment of a probate court imports absolute verity so long as it remains unreversed, and cannot, there-

fore, be collaterally attacked. 19 Ark. 499; 24 *Id.* 111; 773; 83 Pac. 240; 92 *Id.* 396; 23 *Id.* 528; 24 *Id.* 381; 240 23 *Id.* 77; 84 *Id.* 32; 104 S. W. 931; 92 Ark. 611; 123 S. W. 111. 238.

A policy of life insurance is assets upon which to found administration of an estate under the laws of Oklahoma. 111 U. S. 138, 28 L. Ed. 379; 67 Fed. 694, 4 L. Ed. 145; Woerner on Administration, § 205; 11 R. C. L. § 83; 119 N. C. 380; 187 U. S. 312; 145 N. Y. 571; 76 Ala. 448; 186 N. Y. 471; 189 *Id.* 447; 210 Fed. 689; 198 Ala. 416.

WOOD, J. On the 16th of June, 1908, the appellee issued its policy insuring the life of Beulah L. Edwards in the sum of $1,000. Beulah L. Edwards afterward married H. E. Rice. By the terms of the policy, upon proof of the death of Beulah L. Edwards and upon surrender of the policy properly receipted, the amount thereof was to be paid to "the legal representatives of the insured." Rice and his wife lived in Scott County, Arkansas, where the insured (Mrs. Rice) died on the 11th day of December, 1919. The appellee was authorized to do business in the States of Arkansas and Oklahoma and had an agent in both States upon whom service of process could be had at the time of the death of the insured and subsequent thereto. The premiums on the policy had been paid by the insured's father until his death, and after his death the policy was sent by the insured by mail to her mother, who lived at Muskogee, Oklahoma. All premiums on the policy were fully paid prior to the death of the insured.

After the marriage of Rice to the insured, a child, Margaret Ann, was born to them, and she was the only heir of the insured. On the 22nd day of January, 1920, H. E. Rice (appellant) was duly appointed by the probate court of Scott County as administrator of the estate of Beulah L. Edwards Rice. On the 6th of July, 1920, D. E. Edwards was appointed administrator of the estate

of Beulah L. Edwards Rice, deceased, by the county court of Muskogee, Oklahoma, and he duly qualified as such administrator and took possession of the policy upon which this action is based. Edwards is the brother of the insured. He received payment of the full amount of the policy and surrendered the same to the appellee company that issued it.

After the death of his wife and after he had qualified as administrator of her estate and before D. E. Edwards was appointed administrator of her estate in Oklahoma, the appellant made demand on the appellee for the payment of the policy. The demand was made upon L. A. Barney, who was the superintendent of the appellee at Oklahoma. The appellant exhibited to him papers showing that he was duly appointed administrator of the estate of Beulah L. Edwards Rice. Barney asked him who had possession of the policy, and, upon being informed that the appellant did not have the same in his possession, advised the appellant as to making proofs of death, and to get possession of the policy, and told appellant that he would assist him if he could in getting possession of same. The appellant was not able to obtain possession of the policy. Appellant also took the matter up with the appellee's superintendent at Fort Smith, Arkansas. In a letter of March 24, 1920, the superintendent at Fort Smith wrote to appellant to the effect that the appellee's superintendent at Muskogee had notified the company of the claim, and the company requested that he assist appellant in making proofs of death, and stating to appellant that it was necessary to have the policy in order to properly complete his claim. Appellant corresponded with Barney, the superintendent at Muskogee, concerning the same, and received a letter from Barney on September 13, 1920, in which he stated that D. E. Edwards, the brother of the deceased, had qualified as administrator of the estate; that Edwards had surrendered the policy to the company, and the company had paid the full amount thereof to him.

The appellant instituted this action against the appellee to recover the amount of the policy. The appellee denied liability. The cause by agreement of the parties was submitted to the court, sitting as a jury, and the above are substantially the issues and facts developed at the trial. The court found that, at the time of the death of the insured and at all times thereafter until the policy sued on was paid, the policy was in the county of Muskogee, and State of Oklahoma; that D. E. Edwards was appointed as administrator of the estate of the deceased, Beulah L. Edwards Rice, by the county court of Muskogee County, Oklahoma; that he, as such administrator, took possession of the policy and presented the same to the appellee for payment; that appellee paid the full amount thereof to Edwards, and he surrendered the policy to the appellee; that the appellant never had possession of the policy after the death of the insured, and that the policy was not within the State of Arkansas at the time of the death of the insured; that the appellant never tendered the policy with demand for payment of same to the appellee, and never furnished appellee with proof of the death of the insured as required by the terms of the policy.

The appellee asked the court to declare the law to be that, if the policy of insurance sued on was in the State of Oklahoma at the time the said D. E. Edwards was appointed administrator, the same constituted assets for the purpose of founding an administration; that the county courts of Oklahoma are courts of general jurisdiction having jurisdiction on the administration of all decedents leaving property in the State, whether they die within the State or not; that the judgments of the courts of the State of Oklahoma, of general jurisdiction, are accorded the same faith and credit in the State of Arkansas as the judgments of the State of Arkansas; that the payment of the amount due on the policy herein sued on to D. E. Edwards as administrator of the estate of Buelah L. Edwards Rice was a full and complete compliance with

the provisions of the policy; that the county courts of Oklahoma need not set out jurisdictional facts upon which jurisdiction is based; that it is only necessary to set out the order or judgment entered.

The appellant asked for declarations of law in effect directly contrary to those asked by the appellee. The court refused to make the findings requested by the appellant but did find the facts and declared the law as prayed by the appellee. The court also found the following: "In addition to the finding that the judgment of the probate court of Muskogee County, Oklahoma, is not open to collateral attack, the court will make the further finding that there was no fraud or collusion between the insurance company and every one else in the payment of the policy to the administrator of the estate of the decedent in the State of Oklahoma." The appellant duly excepted to the findings of fact and declarations of law. The court thereupon rendered judgment in favor of appellee, dismissing appellant's complaint, and for costs, from which judgment is this appeal.

1. The testimony was amply sufficient to sustain the court's findings of fact. The rule has long been settled by this court that the findings of a circuit court sitting as a jury will not be disturbed where there is substantial evidence to sustain them. *Jackson* v. *Rutherford,* 23 Ark. 24; *Austin* v. *Fielder,* 40 Ark. 144. The same rule applies concerning the findings of fact by trial courts as to the verdict of a jury.

2. It is provided by the statute of Oklahoma that "letters of administration must be granted in the county in which any part of the estate may be, the decedent having died out of the State and not resident thereof at the time of his death." Revised Laws of Oklahoma, p. 1706, 6193, subdiv. 3. Under the statutes of Oklahoma, the county court exercising its probate jurisdiction has power to grant letters of administration. Sec. 6189 subdiv. 2. Another section of the statutes of Oklahoma provides "that the proceedings of this court are con-

strued in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and to its records, orders, judgments, and decrees there are accorded like force, effect and legal presumption as to the records, orders, judgments, and decrees of district courts." Vol. 2, p. 1706, § 6190.

We must take judicial knowledge of these laws of the State of Oklahoma. Sec. 4110, C. &. M. Digest; *J. R. Watkins Med. Co.* v. *Johnson,* 129 Ark. 384. The Supreme Court of Oklahoma holds that the orders and judgments of its court exercising original jurisdiction in probate matters "are entitled to the same favorable presumption and the same immunity from collateral attack as are accorded other courts of general jurisdiction." *Vinson* v. *Cook,* 76 Okla. 46; 184 Pac. 97; *Welch* v. *Focht,* 171 Pac. 730; *King* v. *Mitchell,* 171 Pac. 725; *McDougal* v. *Rice,* 193 Pac. 415.

In 11 R. C. L. p. 85, § 83, it is said: "Although the leaving of assets within the county in which letters of administration are granted is frequently referred to as being a jurisdictional fact when the deceased did not die a resident of such county, the fact that no estate was left cannot generally be shown in a collateral proceeding for the purpose of invalidating an administrator's appointment. * * * An administration granted by a court in one State is not necessarily void although the intestate resided and died in another State leaving no estate in the county or State in which the letters are granted." 18 Cyc. 143; *Barclift* v. *Treece,* 77 Ala. 528, and other cases cited in note. See also *Erwing* v. *Fillenworth,* 160 Iowa 210; 137 N. W. 502; *Andrews* v. *Avery,* 73 Am. Dec. 355. In the last case it is held, quoting syllabus: "Administration granted by county court of Virginia is not void where the intestate resided and died in another State, leaving no estate in Virginia, and having no personal representative in the latter State." The decisions of our own court are in accord with this general doctrine. *Sturdy* v. *Jacoway,* 19 Ark. 499; *Finn* v. *Hemp-*

*stead,* 24 Ark. 111; *Rogers* v. *DuVall,* 23 Ark. 77; *Hare* v. *Shaw,* 84 Ark. 32; *Flower* v. *Reece,* 92 Ark. 611. In the last case we held, quoting syllabus: "The probate court is a court of superior jurisdiction, and within its jurisdictional limits its judgments import absolute verity." The copy of the order of the county court of Muskogee County, Oklahoma, appointing D. E. Edwards administrator, brought into this record, does not on its face contain any jurisdictional defects. This order, therefore, is invulnerable, as we have seen, to collateral attack in the State of Oklahoma. Being conclusive of the validity of the appointment of D. E. Edwards as administrator of the estate of Beulah L. Edwards Rice in that State, it is equally conclusive here under the full faith and credit clause of the Constitution of the United States and the acts of Congress under it. *Duncan* v. *Hopkins,* 11 Ark. 156.

Where an administrator settles a claim due the estate, his authority to do so cannot be attacked when set up as defense to an action brought by the administrator in a foreign jurisdiction wherein the decedent resided. Such an attack would be a collateral attack on the order of the court appointing the administrator who made such settlement. *Balsewicz* v. *C., B. & Q. R. Co.,* 240 Ill. 238. We conclude, therefore, that the trial court did not err in its declarations of law that the judgment of the probate court of Muskogee County, Oklahoma, appointing D. E. Edwards administrator, is not open to collateral attack.

3. The appellee was authorized to do business in Oklahoma as well as Arkansas. Having ascertained that D. E. Edwards was the duly qualified administrator of the estate of Beulah L. Rice in Oklahoma, and that as such he had possession of the policy, appellee had the right to pay the amount due under the policy to him and take a surrender of the policy. The contract of insurance gave appellee such right, and the payment to the administrator canceled all liability of the appellee on

the policy. It was not incumbent on the appellee to wait until, at the end of a lawsuit or otherwise, it was settled between the administrator in Arkansas and the administrator in Oklahoma as to which was entitled to the fund for distribution. Under Session Laws of Oklahoma 1915, p. 47, ch. 39, bill 103, express authority is given to a foreign administrator to defend any suit or action, or to prosecute any claim in the State of Oklahoma. The appellee had the right to settle the claim against it with an administrator who had the policy in his possession and could surrender the same, notwithstanding the fact that it was notified before such settlement that there was an administration pending in the State of the residence of the insured at the time of her death. Having such right, there could be no legal fraud perpetrated by appellee upon the appellant. The court found, and the testimony sustained such finding, that there was no actual fraud. It is not a prerequisite to the appointment of an administrator in the State of Oklahoma that there should be debts against the estate. All that is necessary is that there shall be an estate therein. Sec. 6193, Revised Laws of Oklahoma, subdiv. 2. A policy of life insurance located in the State where letters of administration are granted is such an estate. Woerner on Administration, § 205; *New England Mutual Life Ins. Co.* v. *Woodsworth,* 111 U. S. 138, 28 Law. Ed. 379; *N. Y. Life Ins. Co.* v. *Smith,* 67 Fed. 694, 4 Law. Ed. 145; *Shields* v. *Union Central Life Ins. Co.,* 119 N. C. 380, 24 S. E. 951, and other cases cited to this point in appellee's brief.

The judgment of the circuit court is in all things correct, and it is therefore affirmed.