ROCHFORD, ADMINISTRATOR, *v.* METROPOLITAN LIFE
INSURANCE COMPANY.

[No. 13,284.   Filed February 1, 1929.]

*Oscar C. Hagemier* and *Rochford, Wall & Rochford,*
for appellant.

*Miller, Dailey & Thompson* and *Albert L. Rabb,* for
appellee.

NICHOLS, J.—Action by appellant against appellee on

a policy of life insurance held by appellant's intestate at the time of his death, January 25, 1924.

The complaint was in a single paragraph, to which appellee's demurrer was sustained, and appellant failing and refusing to plead further, judgment was rendered against him, from which this appeal. The error relied upon for reversal is the action of the court in sustaining appellee's demurrer to the complaint.

It appears by the averments of the complaint that the policy in suit was issued to appellant's decedent by appellee for a valid consideration on November 26, 1923, and that thereby appellee agreed to pay to the executor or administrator of the estate of the deceased at the time of his death, $245. The policy was applied for, and issued to, the insured in Marion county, Indiana, of which county the insured was at the time an inhabitant. On January 26, 1924, the insured died at Detroit, Wayne county, Michigan, intestate. He left no property in said last-named county or state. The only property owned or possessed by said deceased at the time of his death was located in Marion county, Indiana, and consisted of two life insurance policies payable to his estate, in said county and state, and that these policies came into the possession of appellant and are now in his possession, one of which is the basis of this action. No letters of administration have been applied for, or issued on, the estate of the deceased in any county of the State of Michigan, nor in any county of any state. On December 16, 1926, appellant applied to the probate court of Marion county for letters of administration which, in course of due procedure, were issued to him.

It is averred that the terms and conditions of the policy have been fully complied with, and that demand for payment has been refused. There is prayer for judgment for $245 and interest.

Appellee's demurrer to the complaint was for want of

facts under which, in its final analysis, we have to determine only as to whether the life insurance policy involved was, under the circumstances set out, an asset of the estate, subject to administration in Marion county, Indiana, although the insured was not an inhabitant of the state at the time of his death.

Section 3066 Burns 1926, provides *inter alia* that letters of administration of an estate may be granted where the decedent, not being an inhabitant, and dying out of the state, leaves assets. It being averred that the decedent left no property anywhere, other than his insurance policies, one of which is here involved, when we have determined, as stated above, the question as to whether the insurance policy involved constitutes assets we have determined as to the decision to be rendered in this appeal.

"Assets" has been defined as anything which can be made available for the payment of debts. *Stanton* v. *Lewis* (1857), 26 Conn. 444, 449. As the insurance involved was payable to the estate of the deceased, clearly it can be made available for the payment of his debts. It has been repeatedly held that a policy of life insurance is an asset subject to administration. *New England Mutual Life Ins. Co.* v. *Woodworth* (1884), 111 U. S. 138; *New York Life Ins. Co.* v. *Smith* (1895), 67 Fed. 694; *Rice* v. *Metropolitan Life Ins. Co.* (1922), 152 Ark. 498, 238 S. W. 772. And a policy of life insurance, issued by a company incorporated in one state, payable to the insured, his executors or administrators, is an asset for the purpose of founding administration upon his estate in another state, in which the corporation, as here, at and since the time of his death, does business, and, as required by the statutes of that state, has an agent against whom process against it may be served. *New England Mutual Life Ins. Co.*

v. *Woodworth, supra; Southern Pac. Co.* v. *De Valle Da Costa* (1911), 190 Fed. 689, 690, 693.

Appellee's counsel, in oral argument, as well as in its briefs, express some concern as to whether, having paid the policy or judgment thereon in this state, it may not hereafter be liable in an action brought by the domiciliary administrator, should one be appointed in Wayne county, Michigan. But we think that, if for no other reason, the principle of comity between the states, would preclude the courts of that state from entertaining jurisdiction of such an action. *Sulz* v. *Mutual Reserve, etc., Assn.* (1895), 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379; *New England Mutual Life Ins. Co.* v. *Woodworth, supra.*

Judgment is reversed, with instructions to the trial court to overrule demurrer to the complaint.