## State of Connecticut v. Lee Robinson

Appellate Division of the Circuit Court

File No. CR 3-2965

Argued April 5—decided May 5, 1965

*J. Harold Merrick,* of Ridgefield, for the appellant (defendant).

*Americo S. Ventura,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J.  The defendant was found guilty of breaking and entering without permission in violation of § 53-75 of the General Statutes and has appealed, assigning error in the court's conclusion that upon all the evidence he was guilty of the crime charged beyond a reasonable doubt.  Pursuant to this assignment of error we turn to the evidence. The defendant did not testify in his own behalf.

The building entered was a garage located on the property of the Alcott Estate, Ivy Hill Road, Ridgefield.  The building consisted of a ground floor and attic.  On the ground floor there were a refrigerator, two barrels, a stove and some screens.  A caretaker in charge of the estate was employed by the executor of the estate to visit the property each day, weather permitting.  The caretaker had not given permission to the defendant to enter any building located on the property.  On the day in question, two teen-age school girls planned to run away from home and informed the defendant of their plans. The defendant told them he knew a place where they might stay.  As a result, he met one of the girls outside the school and took her to the Alcott garage. While she waited at a locked door, the defendant disappeared around the side of the garage and later reappeared inside the garage and opened the door and the girl entered the garage.  The defendant left shortly and an hour or so later returned with the other girl and opened a side door, and both went in.

The girls were later found in the garage by the police.

Section 53-75 provides as follows: "Any person who breaks or enters any building . . . in the possession of another used as a place for the custody of property . . . without the permission, express or implied, of the person or persons legally in possession thereof shall be" punished. The defendant contends under his general assignment of error that an unoccupied garage containing such property as an unused refrigerator and stove is not a building "used as a place for the custody of property" within the meaning of the statute. Under the provisions of § 45-252 of the General Statutes, the court could properly find that the property was in the possession, care and control of the executor. We are called upon to determine whether an unoccupied garage containing personal property can be construed under this statute as a building "used as a place for the custody of property."

The defendant relies heavily on *State* v. *English,* 132 Conn. 573. In that case the defendant was charged with statutory burglary committed in a church rectory. After conviction the defendant appealed, contending that the crime, if any, was common law burglary and not statutory. The statute there relied on (Rev. 1930, § 6097, as amended, General Statutes § 53-76) contains the phrase "break and enter any building . . . in the possession of another used as a place for the custody of property." In construing these words, the court said (p. 578): "The words 'any building . . . ,' while broader than the specific provisions of the earlier law applying to 'store, banking-house, shop or warehouse of another, or office, or public building wherein goods, wares, or merchandize are deposited,' are properly construed as referring to situations of the same general nature

. . . ." From this statement the defendant argues that a building described as a garage and containing property of doubtful value cannot be said to be a repository within the intendment of § 53-75. His reasoning is that "property" as here used refers to property of substantial value such as might be found in a building used primarily as a storehouse or warehouse.

"A building is a structure which has capacity to contain, and is designed for the habitation of, man or animals, or the sheltering of property . . . ." 2 Wharton, Criminal Law and Procedure § 428. The legislature might have enumerated the buildings the breaking or entering of which without permission constituted a violation under this statute, but by use of the generic term 'building' their intention is as clearly manifest as if they had specified each type of building within the term. See *State* v. *Brooks,* 4 Conn. 446, 449. Clearly, a garage is a building within the intendment of the statute. In *State* v. *Dunlap,* 103 N.J.L. 209, 212, the defendant was charged with violation of a burglary statute. The court held that the words "or other building whatever" included a garage as well as all other buildings not specifically mentioned.

"Custody" has been defined as the bare control or care of a thing. Ballentine, Law Dictionary. "Custody" is a synonym of the words "in charge of," "keeping" and "management." *Lyon* v. *Aetna Casualty & Surety Co.,* 140 Conn. 304, 308. "Property" has been defined as including everything which is the subject of ownership. *Stanton* v. *Lewis,* 26 Conn. 444, 449; 42 Am. Jur., Property, § 23. Since larceny is not an element of this crime, the question of the precise value of the property is not required so long as there is evidence of personal property of some value and the other elements of the crime are

satisfied. Statutes, 1821, p. 154, § 24, provided that any person "who shall, in the night season, break and enter . . . [certain buildings] wherein goods, wares or merchandize are deposited, with an intention to commit theft," shall be punished. It has been held that the expression "goods, wares or merchandize" included any personal property of which larceny might be committed. *State* v. *Brooks,* supra. By analogy, we conclude that the breaking and entering of any building without permission, which building is used as a place for the custody of personal property which may be stolen, is a violation of the statute herein considered.

The defendant also contends that there was no evidence of "breaking" as that term is used. He further argues that in the statutory phrase "breaks or enters" the disjunctive conjunction "or" was inadvertently substituted for the conjunction "and" in recodifying the statute. In support of his argument he refers to the title of the section, which is "Breaking and entering without permission." It is also true that in § 8412 of the 1949 Revision, from which the present statute is derived, the word "and" appears. The word "or" first appeared in § 1410b of the 1951 Cumulative Supplement. Cum. Sup. 1955, § 3276d. In our review of this assignment, however, we find it unnecessary to resolve this question, for here there was substantial evidence of both a breaking and an entry. On one occasion the defendant left one of the girls at an outside locked door while he went around the corner of the building and reappeared inside and opened the door. On another occasion he opened a side door which was closed and entered with the other girl. The mere lifting of a latch when the door is not otherwise fastened is a breaking. 2 Swift, Digest, p. 302. The opening or pushing open of a closed door constitutes a breaking. 13 Am. Jur. 2d, Burglary, § 15.

The opening of a door from the inside, other elements being present, has been construed as breaking and entering. *State* v. *Mele,* 125 Conn. 210, 213; see *State* v. *Ward,* 43 Conn. 489, 493.

We conclude that upon all the evidence, including the inferences the court was warranted in making, the court was justified in concluding that the defendant was guilty of the crime charged beyond a reasonable doubt.

There is no error.

In this opinion JACOBS and CICALA, Js., concurred.